IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DILLON CAMPBELL,                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )   Civil Action No. 22-419
                                                    )
KILOLO KIJAKAZI,                                    )
*Acting Commissioner of Social Security*,           )
                                                    )
                    Defendant.                      )

O R D E R

AND NOW, this 8th day of September, 2023, upon consideration of the parties'
cross-motions for summary judgment, the Court, upon review of the Commissioner of Social
Security's final decision denying Plaintiff's claim for disability insurance benefits under
Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental
security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that
the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.
*See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v.
Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing
*Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp.
942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision
must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

_____

[1]    Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding the opinions of the non-treating state agency psychologists, who did not have access to the entire record, more persuasive than that of his treating therapist, Terry Logan, LCSW, in formulating his residual functional capacity ("RFC").  The Court disagrees and finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

The Court first notes that Plaintiff, in emphasizing Ms. Logan's treating relationship with Plaintiff and the state agency reviewing psychologists' lack of such a relationship, seems to be invoking what is commonly known as the "treating physician rule."  However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated this rule.  *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* §§ 404.1520c(b) and (c), 416.920c(b) and (c).  Here, the ALJ properly focused primarily on the consistency and supportability of the various opinions in this matter in making her findings.

As part of his argument, Plaintiff asserts that the opinions of the state agency reviewing psychologists – dated June 29, 2020 and November 24, 2020 – were issued without the benefit of the full record, particularly Ms. Logan's records including her March 7, 2021 opinion.  However, the fact that the state reviewing agents' opinions were rendered before other evidence became available does not mean the ALJ was prohibited from finding them to be persuasive.  *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").  While the state agency reviewing psychologists may not have had access to Ms. Logan's opinion, they did have access to a number of Plaintiff's treatment records from Primary Health Network, through which Plaintiff treated with Ms. Logan at Clarion Community Health Center Behavioral.  Further, there is no indication what part, if any, of the record other than her own treatment notes Ms. Logan was familiar with when she offered her opinion.

Moreover, while there was later evidence to which the state reviewing agents had no access, the ALJ was aware of and expressly considered and discussed this evidence in evaluating the opinions and formulating the RFC.  She, in fact, specifically increased Plaintiff's limitations in understanding and concentrating over those offered by the state agency reviewing psychologists' opinions based on this later evidence.  (R. 23).  This demonstrates that, far from rubber-stamping these opinions, the ALJ considered them in the context of the entire record.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as set forth herein.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:        Counsel of record

---

Plaintiff also offers his own analysis of what the evidence showed in regard to the consistency and supportability of the medical opinions.  However, in doing so, he is essentially asking the Court to reweigh the evidence and reach its own conclusion.  If supported by substantial evidence, though, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  The Court finds here that substantial evidence does support the ALJ's decision and, therefore, it will affirm.

3